IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NORMA LINDA JAIMES** | § | |
| | § | **A 16-CV-984-JRN** |
| V. | § | **(A-09-CR-557(2)-JRN)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

Before the Court is Norma Linda Jaimes's "Motion for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255" (Dkt. No. 180); Government's Response in Opposition (Dkt. No. 183); and Jaimes's Motion in Response to Government's Opposition Motion (Dkt. No. 184). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

Pursuant to a plea agreement, on January 12, 2010, Jaimes pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more in violation of 21 U.S.C. § 841. Dkt. No. 45.  On April 8, 2010, Jaimes was sentenced to a 120 month term of imprisonment, followed by a five year term of supervised release.  Dkt. No. 59.  Jaimes appealed her sentence, but on May 24, 2010, the appeal was dismissed for lack of prosecution.  Dkt. No. 67.  It was then reinstated on September 14, 2010, but again dismissed pursuant to Jaimes's motion on April 29, 2011.  Dkt. Nos. 80, 117.  Jaimes followed her unsuccessful appeal with a series of motions requesting a reduction

of her sentence. First, she moved to reduce her sentence under 18 U.S.C. § 3582, on November 14, 2011. Dkt. No. 127. Second, she filed a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel on December 7, 2011. Dkt. No. 131. Lastly, Jaimes again filed a Section 3582 motion on March 16, 2015, this time relying on Amendment 782. Dkt. No. 175. All three motions were denied. Dkt. Nos. 127 and 145. Now, Jaimes files the instant Motion to Vacate under Section 2255 requesting a reduction to her sentence for changes to the sentencing guidelines under Amendment 794. Dkt. No. 180.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final on issues of Constitutional or jurisdiction magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of Constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, a defendant may waive his statutory right to appeal his sentence, including filing a § 2255 motion, if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (2005).

### III. ANALYSIS

In her Motion, Jaimes argues that her sentence should be reduced pursuant to the United States Sentencing Commission's promulgation of Guidelines Amendment 794, effective November 1, 2015. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense. *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment. *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

In general, the court is required to use the guidelines manual in effect on the date a Defendant is sentenced. *See Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d) (2015). But the Ninth Circuit has held it retroactive on direct review. *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In this case, however, Jaimes's time for filing a direct appeal has long since passed. As Jaimes brings her claim on collateral review, Amendment 794 has absolutely no bearing on his case. Jaimes is not entitled to relief under Amendment 794.

Additionally, Jaimes is not entitled to relief under § 2255. Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.

*United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.*

Jaimes is not arguing that her sentence violated the Constitution, was illegal when imposed, was imposed in violation of U.S. law, or any of the other reasons listed in § 2255(a). Instead, she is arguing that she ought to be given retroactive benefit of a clarifying amendment. This type of claim must be brought as motion under 18 U.S.C. § 3582, not under § 2255. *See United States v. Jones*, 143 Fed. Appx. 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); *Ono v. Pontesso*, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); *see also United States v. Mines*, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582").

Even if Jaimes's motion was properly brought under § 2255, it would be untimely. Such a motion must be brought within one year of certain listed events. § 2255(f). The latest of those events in this case was the date on which her judgment of conviction became final, which was in 2011. Further, Jaimes has previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 131), which this Court denied on May 23, 2012 (Dkt. Nos. 145, 146). Title 28 U.S.C. § 2255 provides that before a second or successive motion to vacate, set aside, or correct sentence is filed in the district court, a movant must move in the appropriate court of appeals for an

4

order authorizing the district court to consider the motion. 28 U.S.C. §§ 2255, 2244(b)(3). Thus, even if this § 2255 motion had potential merit, before the Court could consider it, it would have to transfer the case to the Fifth Circuit Court of Appeals for it to consider whether Jaimes should be given approval to pursue a second such motion. *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

Lastly, if the Court were to construe this as a § 3582 motion, Jaimes's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-Leyva*, 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"); *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582). Moreover, the Fifth Circuit has held that a prisoner may only obtain relief under Section 3582 for retroactive applications of amendments listed in U.S.S.G. § 1B1.10. *United States v. Porter*, 335 Fed. Appx. 408, 410 (5th Cir. 2009); *Orea v. United States*, No. 1-16-ccv-241, 2016 WL 6305266 (S.D. Tex. Sept. 30, 206) (denying Section 2255 and Section 3582 relief for retroactive application of Amendment 794). Therefore, Jaimes is not entitled to relief for the retroactive application of Amendment 794.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Norma Linda Jaimes's Motion (Dkt. No. 180).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections

to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## XVI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id.* In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a COA not be issued in this case.

SIGNED this 21st day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE